# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| John Moore, | |
|---|---|
| | Plaintiff, |
| v. | |
| Amtrak, | |
| | Defendant. |

CIVIL ACTION NO. 14-13694

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant National Railroad Passenger Corporation ("Amtrak") hereby seeks the removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts. In support of its notice of removal, Amtrak states as follows:

1. The above-captioned action was commenced by Plaintiff John Moore against Amtrak in the Superior Court of Massachusetts, Suffolk County, and is now pending in that court. A copy of Plaintiff's original Summons and Complaint are attached hereto as Exhibit A.

2. On or about August 26, 2014, Amtrak received Plaintiff's Motion to Amend his Complaint and Proposed Amended Complaint. Copies of these papers are attached hereto as Exhibit B.[1]

3. There has been no additional activity on the Suffolk Superior Court docket.

---

[1] The Suffolk Superior Court denied Plaintiff's Motion to Amend his Complaint (without prejudice) on September 23, 2014 for failure to comply with Superior Court Rule 9A. A copy of this decision is attached hereto as Exhibit C. Accordingly, the operative complaint in this matter is Plaintiff's initial Complaint, which Amtrak answered in Suffolk Superior Court. Absent a future motion to amend Plaintiff's complaint in this Court, Amtrak asks that a status conference be scheduled to ascertain an appropriate discovery plan pursuant to Fed. R. Civ. P. 16 and Local Rule 16.

4. Fewer than 30 days have elapsed since this action became removable to this Court.

5. The original Complaint filed in the above action contained a single paragraph entitled "Facts" that did not identify a federal or state law under which the Plaintiff sought relief. It further claimed ambiguous and incalculable damages including "loss (sic) wages," "reimbursement for all injustic (sic)," and "pain and suffering." See Exhibit A.

6. The proposed Amended Complaint presents a more accurate description of Plaintiff's causes of action. Plaintiff now purports to bring the following claims: Count I – Discrimination in Violation of Mass. Gen. Laws ch. 151B § 4(1); Count II – Breach of Contract; Count III – Breach of Covenant of Good Faith and Fair Dealing; Count IV – Wrongful Termination in Violation of Public Policy. See Exhibit B.

**A. Standards Governing Removal**

7. Under 28 U.S.C. § 1441(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."[2]

8. As further demonstrated below, this action is removable to District of Massachusetts under 28 U.S.C. § 1441(a) because this Court has original

---

[2] Amtrak first ascertained that this case became removable after receiving Plaintiff's Motion to Amend his Complaint on August 26, 2014. Amtrak therefore files this Notice of Removal within 30 days of receiving that Motion and proposed amended pleading. Amtrak takes this action to comply with the time period set forth in 28 U.S.C. § 1441(b)(3), notwithstanding the Superior Court's procedural denial of Plaintiff's Motion to Amend.

jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship).

9. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states …." In this matter, removal is appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

**B. Citizenship of the Parties**

10. Plaintiff is a citizen of the Commonwealth of Massachusetts.  (See Ex. B, p. 4).

11. Amtrak is a "citizen only of the District of Columbia when deciding original jurisdiction of the district courts of the United States in a civil action."  49 U.S.C. § 24301(b).

12. As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1).

**C. Amount in Controversy[3]**

13. Although Plaintiff does not set forth an exact dollar amount prayed for, he seeks the following damages: (1) emotional distress; (2); actual and punitive damages; (3) attorneys' fees and costs; and (4) other damages the Court deems just and proper.  See Ex. B.  Plaintiff's damages claims, exclusive of interest and costs, show with reasonable probability that the amount in controversy exceeds the jurisdictional threshold set out in 28 U.S.C. § 1332.  See Generally, Youtsey v.

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's proposed Amended Complaint. Amtrak's reference to specific damages amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount allegedly in controversy is more likely than not in excess of the jurisdictional minimum. Amtrak maintains that each of Plaintiff's claims is without merit and that Amtrak is not liable to Plaintiff. Amtrak specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Amtrak. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the proposed Amended Complaint or otherwise.

Avibank Mfg., Inc., 734 F. Supp. 2d 230, 236 (D. Mass. 2010).

14. During his tenure as an Amtrak employee in 2011, Plaintiff was compensated at a rate of at least $23.12 per hour.  See Exhibit D, Declaration of Suzanne Allan.  Plaintiff made at least $924.80 per week, excluding overtime.  Id.  Annualized, this number is at least $48,089.60 ($924.80 X 52 weeks).  Id.  Since the date of his termination, Plaintiff's claims for actual damages (backpay) amount to a minimum of $144,268.80.  Because these claims also provide for punitive damages, his alleged damages to date exceed the prerequisite amount-in-controversy of $75,000.

15. Plaintiff claims that Amtrak's termination of his employment violated Mass. Gen. Laws ch. 151B § 4, and that "as a result thereof, [Plaintiff] suffered and continues to suffer damages."  See Ex. B, p. 9.  Along with a three year statute of limitations, Mass. Gen. Laws ch. 151B allows for the recovery of punitive damages, which can be aggregated to satisfy the amount in controversy.  See F.C.I. Realty Trust v. Aetna Cas. & Sur. Co., 906 F. Supp. 30, 32 n.1 (D. Mass. 1995) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." citing Bell v. Preferred Life Society, 320 U.S. 238, 240 (1943); Jones v. Home Depot USA, Inc., CIV.A. 12-12202-RWZ, 2013 WL 1282356 (D. Mass. Mar. 29, 2013) (explaining that where punitive and actual damages are recoverable in a complaint, both must be considered when calculating the jurisdictional amount in controversy for diversity removal).

**D. Additional Removal Requirements Satisfied**

16. Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in Suffolk County, where this action was filed and has been pending prior to removal, lies within this federal district and division.

17. Amtrak will promptly file a notice of removal with the Superior Court in accordance with 28 U.S.C. § 1446(d).  A copy of that notice is attached hereto as Exhibit D.

18. Amtrak has provided Plaintiff written notice of this filing in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Amtrak, desiring to remove this case to the United States District Court for the District of Massachusetts, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: September 24, 2014						Respectfully submitted,

											MORGAN LEWIS & BOCKIUS LLP


											By: */S/ Peter J. Mee*
												William J. Delany*
												Peter J. Mee (BBO 677081)
												225 Franklin Street, 16th Floor
												Boston, MA 02110
												Telephone: 617.341.7700
												Facsimile: 617.341.7701
												wdelany@morganlewis.com
												pmee@morganlewis.com


												*Attorneys for Defendant*
												*National Railroad Passenger Corporation, Inc.*

												**Pro Hac Vice* Application to be Filed*


## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2014, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service and by FEDEX, postage prepaid to:

Nicholas Frye, Esq.
BLANK AND SOLOMON LAW OFFICES
11 Beacon Street Suite 325
Boston, MA 02108
frye@blankandsolomonlaw.com


												*/s/ Peter J. Mee*
												Peter J. Mee

DB1/ 80794917.1